COOLEY A. GRIFFIN *vs.* MORRIS KUTINSKY ET ALS.

First Judicial District, Hartford, January Term, 1910.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

The purchaser of merchandise is alone responsible for its price, in the
absence of evidence that it was bought by him for others for whom
he was authorized to act.
The declarations of the purchaser that he was buying for others are not
competent evidence against them, unless they have by their acts
or conduct estopped themselves from denying his statements.

Argued January 4th—decided January 18th, 1910.

ACTION to recover for tobacco alleged to have been sold
to the defendant Case for and on account of the other
defendants, brought to the Superior Court in Litchfield
County where the plaintiff was nonsuited in a trial to the
jury before *George W. Wheeler, J.*, from which judgment
he appealed. *No error.*

*Theodore M. Maltbie* and *William M. Maltbie,* for the
appellant (plaintiff).

*William F. Henney* and *Hugh M. Alcorn,* for the appel-
lees (defendants other than Case).

THAYER, J. This case, and the preceding one of *Coe* v.
*Kutinsky et als.,* the same defendants, were argued together
before us, and for the most part present similar questions.
The pleadings are substantially the same.

Evidence of declarations by Case, that he was acting for
others than himself in making the purchase of the plaintiff's
tobacco, were excluded. The argeement, Exhibit A, be-
tween Case and Kutinsky, Adler & Company, after being
excluded, was, at the close of the trial, admitted *pro forma*
by the trial court, after which a nonsuit was granted, and

judgment was rendered in favor of the defendants Kutinsky, Adler & Company.

In the present case it appears from the evidence that the plaintiff's tobacco was purchased by Case ten days before the agreement between him and Kutinsky, Adler & Company was executed. The credit was given to Case. The ·agreement, although in evidence, did not tend to prove that the plaintiff's tobacco was purchased for Kutinsky, Adler & Company. There was no other evidence which tended to prove that it was purchased for them. The nonsuit was therefore properly granted.

The declarations of Case, for the reasons stated in the preceding case as to similar declarations, were inadmissible to prove his agency or partnership with the other defendants in this transaction, and they were properly excluded.

There is no error.

In this opinion the other judges concurred.